UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUME INC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>XAXIS, INC.,<br><br>　　　　　　Defendant. | Case No. 13-cv-05249-VC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY CASE PENDING REEXAMINATION OF PATENT NO. 8,370,455**<br><br>Re: Dkt. No. 28 |

Plaintiff YuMe, Inc. filed suit in November 2013, seeking a declaratory judgment that YuMe does not infringe any valid claim of Defendant Xaxis, Inc.'s U.S. Patent No. 8,370,455 (the "'455 Patent"). Docket No. 1. Xaxis was served in March, 2014 and filed an Answer and a Counterclaim of infringement in April 2014. Docket Nos. 9, 10. YuMe then filed a First Amended Complaint. Docket No. 25. It also filed a request for *ex parte* reexamination of the '455 Patent with the United States Patent and Trademark Office ("PTO"). *See* Hickman Decl., ¶6. In August 2014, after Xaxis had filed its Answer to the First Amended Complaint and Counterclaim and YuMe had filed its Answer to Xaxis' Counterclaim, the PTO granted YuMe's request for reexamination with respect to all the claims of the '455 patent. Hickman Decl., ¶7. YuMe now seeks a stay pending this reexamination.

"While courts are not required to stay judicial proceedings pending re-examination of a patent, a stay for purposes of re-examination is within the district court's discretion." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110–11 (N.D. Cal. 2006). "There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings.'" *AT & T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp.

1378, 1381 (N.D. Cal. 1994)).  This is particularly true in cases still in the initial stages of litigation.  *See id.*

In determining whether to stay a case pending reexamination, courts consider the following factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.  *In re Cygnus Telecomm. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).  In this case, each of these factors weighs in favor of a stay.

First, the case is at an early stage.  Discovery has not proceeded beyond initial disclosures.  Second, "[w]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims."  *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *3 (N.D. Cal. Oct. 4, 2007).  And third, Xaxis has "failed to show, beyond the delay implicit in the reexamination process, how [it] would be unduly prejudiced or tactically disadvantaged if this Court were to grant a stay," *Tivo*, 774 F. Supp. 2d at 1054; *see also id.* (noting that "delay inherent in the reexamination process does not constitute, by itself, undue prejudice" (internal quotation marks omitted)).

Accordingly, the Court stays the case pending the PTO's reexamination of the '455 Patent.

**IT IS SO ORDERED**.

Dated:  November 12, 2014

_____
VINCE CHHABRIA
United States District Judge

2